## MAY ET UX. v. WEBB.

A guardian to a minor, appointed by the Court of Probate, without limitation of time, while the minor is not of sufficient age lawfully to choose for himself, will hold till he arrives at full age, unless the guardian be removed from office, or another is chosen to the acceptance of the court. Also, a contract made by a minor, under the power of a guardian, and by his consent, is binding upon him.

In this case, the original action was book debt, brought by the defendant in error, for articles delivered to Martha, wife of May, the plaintiff, before marriage.    On trial by the jury, a special verdict was returned, finding these facts:— "That said Martha, while sole, and before her intermarriage with said May, in the years 1773 and 1774, being then a minor, under the age of eighteen years, and more than fourteen years, and possessed of sufficient estate in her own right, did, with the consent and approbation of Ezekiel Williams, Esq. of Weathersfield, purchase and receive of said Webb, the several goods and articles charged in his account, to her own use and benefit:    That said Williams was, by the Court of Probate, duly appointed guardian to said Martha, when she was of the age of nine years only, her father being then dead, and no other guardian was after elected or appointed:    That she before, and at that time, lived with her mother, and not with said Williams; and that the articles charged were all for necessaries, and suitable to her rank and condition:    That they were by said Webb first charged to said Williams, without his express agreement; but he afterwards disclaimed and refused to pay for them; whereupon said Webb discharged him, and by his order and direction, charged the same to said Martha."

Upon the facts found in the verdict, the Superior Court adjudged — That the guardianship of Mr. Williams, by virtue of the appointment made when the minor was nine years of age, could continue only till she arrived at twelve, and was of age to choose for herself:    That the surety given

for his faithful performance would hold no longer; and no subsequent acquiescence, or implied choice, on the part of the minor, could continue him her legal guardian, without an allowance of the judge of probate, and new surety given; and that the contract being for necessaries, might well be charged to the minor.

But the judgment of the Superior Court was reversed: For,

By the COURT. A guardian to a minor, appointed by the Court of Probate, while such minor is not of sufficient age by law to make choice for himself, is, in judgment of law, guardian, till the minor arrive at full age; unless the guardian is removed from office, or another is chosen by the minor, after he arrive at legal age to make choice, to the acceptance of the Court of Probate; or, unless the guardian is appointed with express limitation of time;— which is not the present case.

A contract made by a minor, under the power of a guardian, and with his consent and approbation, is by law binding upon the guardian, and was so before the revision of the statute laws of this state, in the year 1784.

In this case, it appears by the record, that the debt demanded, was contracted by the consent and approbation of Ezekiel Williams, Esq. who had, before the contract, been appointed guardian to said Martha, and appears to consider himself as acting in that capacity, at the time when the contract was made. But if such construction may not fairly be given, and the law was otherwise than is here adjudged, still, in this case, it would be, that a minor, without any guardian, by the consent and approbation of said Williams, took the articles charged, and with an understanding, on the

part of the creditor, that they were to be charged to Williams, and in fact were so charged:— Therefore, on either principle, Williams was the original debtor, and no discharge given to him, can operate to fix a legal claim, in favor of Webb, upon said Martha.